UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-24607-LENARD/O'SULLIVAN

CRYSTAL CRUISES, INC., and CRYSTAL
SHIP THREE (BAHAMAS) LIMITED,

    Plaintiffs,

v.

ROLLS-ROYCE PLC, ROLLS-ROYCE
AB, ROLLS-ROYCE COMMERCIAL
MARINE, INC., CONVERTEAM SAS f/k/a
ALSTOM POWER CONVERSION SA,
ROLLS-ROYCE AB and CONVERTEAM
SAS, jointly and severally, d/b/a THE
MERMAID CONSORTIUM,

    Defendants.
_____ /

**ORDER**

THIS MATTER came before the Court on November 1, 2011, pursuant to Plaintiffs' notice of hearing regarding Defendant, Converteam's Objections to Crystal's Interrogatories and Request for Production.  Defendant, Converteam, has objected to Crystal's interrogatories and discovery requests propounded on the basis that they are prohibited from producing certain responsive documentation and information pursuant to French Law No. 8-538 of July 16, 1980, Relating to the Communication of Economic, Commercial, Industrial, Financial or Technical Documents or Information to Foreign or Legal Persons (hereinafter the "French Blocking Statute").  Alternatively, Converteam requested that Plaintiffs be required to comply with the procedures set forth in the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, T.I.A.S. 7444, 23 U.S.T. 2555, reprinted in 28 U.S.C. § 1781 ("Hague Evidence Convention"), in order to

obtain the requested discovery. Having heard argument from the parties and for the reasons stated on the record, it is

**ORDERED AND ADJUDGED** as follows:

The United States Supreme Court in *Societe Nationale Industrielle Aerospatiale v. United States District Court*, 482 U.S. 522, 544 (1987) specifically considered the effect of the French Blocking Statute and held that "[i]t is well settled that a foreign blocking statute does not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate the statute." *Id*. Moreover, subsequent Courts that have addressed the issue have held that the Hague Evidence Convention is inapplicable to a French defendant resisting document production in an American lawsuit. Specifically, the Court in *Compaigne Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Company*, 105 F.R.D. 16, 28 (S.D.N.Y. 1984), citing a prior decision, recognized that a contrary result

> … would give extraordinary and unfair advantage to a French litigant in United States courts. Insofar as the French litigant sought discovery of its United States adversary, it would be permitted the full range of free discovery provided by the Federal Rules. But when the United States adversary sought reciprocal disclosure by the French party, this discovery would be limited to the cumbersome procedures and narrow range authorized by the Convention . . . I find it most doubtful that the United States, in adopting the treaty, has any intention to place its national at such a disadvantage. (internal citation omitted).

Accordingly, for the reasons stated above, this Court finds that Plaintiffs need not resort to the procedures set forth in the Hague Evidence Convention to obtain responses from Converteam to their Requests for Production and Interrogatories. This Court further finds that the French Blocking Statute does not prevent this Court from compelling Converteam to provide responses to Plaintiffs' discovery requests pursuant to the Federal Rules of Civil Procedure.

Converteam's objections are overruled. Converteam shall be required to serve responses to Crystal's Request for Production, First Set of Interrogatories and Insurance Interrogatories Dated

May 25, 2011 in accordance with the Federal Rules of Civil Procedure by no later than the close of business on December 2, 2011.[1]

**DONE AND ORDERED** in Miami, Florida, this 8th day of November, 2011.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

U.S. District Judge Lenard

All counsel of record

---

[1] Converteam's objections based on French national security have been withdrawn pursuant to the stipulation of counsel for Crystal that they do not seek information related to French government/naval podded propulsion systems.